544 P.2d 1113

The CITY OF TUCSON, a Municipal Corporation, and William G. Shoemaker and James M. Coburn, Petitioners,

v.

SUPERIOR COURT, IN AND FOR the COUNTY OF PIMA, DIVISION VI, Respondent,

and

John A. VEGA, a single man, Real Party in Interest.

No. 2 CA–CIV 2072.

Court of Appeals of Arizona, Division 2.

Jan. 23, 1976.

Lesher, Kimble, Rucker & Lindamood, P. C., by Michael J. Gothreau, Tucson, for petitioners.

Abruzzo & Wasley by Gregory G. Wasley, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

The real party in interest brought suit against the petitioners on June 17, 1975, alleging that he was assaulted and beaten by the petitioners Shoemaker and Coburn, officers of the Tucson Police Department, while they were in the course and scope of their employment. The complaint further alleged that at the time of the assault the City of Tucson knew or should have known of vicious propensities on the part of the police officers and that therefore the city was negligent in retaining them in its employ.

Real party in interest served on petitioners a set of interrogatories and a request to produce documents, and subsequently served supplemental interrogatories and a supplemental request to produce documents. Petitioners refused to answer a question in the original set of interrogatories and request to produce and refused to answer all but one question in the supplemental interrogatories. The real party in interest filed a motion to compel discovery which was granted by the respondent court. We are presented here with appropriate circumstances for appellate intervention by way of special action, and we therefore assume jurisdiction.

The specific order which is being challenged as an abuse of the respondent court's discretion is its order compelling the petitioners to answer the supplemental interrogatories. The supplemental interrogatories contained subquestions 50 thru 50(e). The interrogatories and the answers given by petitioners are as follows:

"50. Have any complaints, other than plaintiff's, ever been filed with the Tucson Police Department which arose out of the actions of William G. Shoemaker or James M. Coburn, prior to February 6, 1975, as police officers for the City of Tucson.

[Answer]: Irrelevant [answer given by petitioners].

If so, state:

(a) The name if [sic] each person against whom complaint has been filed and the number of complaints filed against each person.

(b) The date each complaint was filed.

(c) The substance of each complaint.

(d) The findings of any investigation by the Tucson Police Department regarding such complaints.

(e) The substance and findings of any disciplinary proceedings conducted by the Tucson Police Department regarding such complaints.

[Answer]: Defendants will furnish this information. [Answer given by petitioners].

You are requested to produce for inspection and copying any and all written reports and/or complaints related to any disciplinary proceedings mentioned in your answers to the foregoing Interrogatories.

Refuse [Answer given by petitioners]."

■ We do not accept petitioners' argument that the documents in question, contained in the police department's internal affairs division files, are privileged and therefore not subject to discovery in a case such as this. The reasons given by Division One of this court in its discussion of personnel files in *City of Phoenix v. Peterson*, 11 Ariz.App. 136, 462 P.2d 829 (1969), are equally applicable in the instant case. The records may be confidential as against the public at large, but inspection must be allowed to the plaintiffs in such an action if they are to compile data necessary to proving their case.

In *Peterson*, the court did not follow the rule as set down in *Mathews v. Pyle*, 75 Ariz. 76, 251 P.2d 893 (1952), which held that the editor of a newspaper could see a report submitted by the Attorney General to the Governor " . . . unless they [the documents comprised in the report] are confidential or of such a nature that it would be against the best interests of the state to permit a disclosure of their contents." 75 Ariz. at 80, 251 P.2d at 896. The court held that a final determination of the existence of the privilege claimed would be by the court in a "private examination." In *Peterson*, the court found commendable the result reached in *Minneapolis Star and Tribune, Co. v. State*, 282 Minn. 86, 163 N.W.2d 46 (1968), which allowed an inspection presided over by the trial court so that the petitioners in that case could see information concerning disciplinary proceedings involving a doctor before a state medical board to determine the nature and disposition of the discipli-

nary proceedings, but not to allow discovery of material showing the content of communication from patients or other informants or to board minutes reflecting board deliberations.

Our decision in *State ex rel. DeConcini v. Superior Court, In and For Pima County*, 20 Ariz.App. 33, 509 P.2d 1070 (1973), involved a criminal defendant's request for the Tucson Police Department to produce all internal affairs records concerning four police officers who were to be witnesses for the prosecution. The trial court granted the motion and ordered an *in camera* session to determine what records were properly discoverable. We stated that under some circumstances, "some disclosure of some records of the internal affairs division" of the police department is permissible. However, we stated:

" . . . [T]he real party in interest's motion was directed to *all* Internal Affairs Records concerning the specified police officers and the respondent court ordered production of *all* such records. Exercise of judicial discretion, however, is circumscribed by the reasonableness of the request since mere 'fishing expeditions' are not to be countenanced. *State ex rel. Corbin v. Superior Court*, supra, [103 Ariz. 465, 445 P.2d 441 (1968)]. There are many matters contained in the files of these officers which have absolutely no bearing on the issues in this case. However, it is apparent that the crucial issue upon which the defendant's guilt or innocence may hinge is whether one or more of the officers was the aggressor in the incident which gave rise to the criminal charge." (Emphasis in original) 20 Ariz.App. at 35, 509 P.2d at 1072.

■ Both *DeConcini*, arising out of a criminal case, and *Peterson*, a civil case, lead us to conclude that the real party in interest's interrogatories and request to produce in the supplemental interrogatories are too broad. As the foregoing decisions have indicated, in some instances discovery is necessary for a plaintiff to acquire the

information essential to proving his case. However, real party in interest's questions are overbroad and demand that petitioners supply more information than necessary. The interrogatories center around *any* complaint filed with the police department concerning the acts of the two police officers. All that the real party in interest is entitled to is information concerning complaints made in regard to assault or other incidents involving the police officers which would go to show their vicious propensities and notice to the city regarding those propensities.

The lower court is directed to modify its order so as to limit the scope of the interrogatories as well as the production request to complaints made to the police department concerning the vicious propensities of the two officers. An *in camera* inspection by the court in the presence of counsel is appropriate for determining what is germane to the issues involved. This inspection procedure, as approved in *DeConcini*, protects information from improper disclosure and at the same time gives a litigant access to essential information.

HOWARD, C. J., and KRUCKER, J., concur.