638 P.2d 735

**PIMA COUNTY, a body politic organized under the laws of the State of Arizona; Pima County Sheriff Clarence Dupnik, in his capacity as Pima County Sheriff; Sgt. Tony Callan, individually and as a Sheriff's Deputy; and Deputy Tim Hughes, individually and as a Sheriff's Deputy, Petitioners,**

v.

**The Honorable Lawrence K. Bret HARTE, Court Commissioner of the Superior Court of the State of Arizona, and James Moran, as father to his minor son, Michael Moran and guardian to his adult son, Thomas Moran; Karen Barke, in and for herself and her minor daughter, Tina Barke, Real Parties in Interest, Respondents.**

**No. 2 CA–CIV 4205.**

Court of Appeals of Arizona, Division 2.

Dec. 3, 1981.

Stephen D. Neely, Pima Co. Atty., Steven L. Bosse, Tucson, for petitioners.

Stompoly & Even, P. C. by Barry Kirschner, Tucson, for respondents.

## OPINION

HATHAWAY, Chief Judge.

Petitioners are the defendants in a lawsuit instituted by the real parties in interest and presently pending in Pima County Superior Court. The complaint alleged certain acts on the part of the individual defendants, Pima County deputy sheriffs, which allegedly constituted a breach of duty owed by the defendants to the plaintiffs, an unlawful arrest, excessive use of force, assault and battery, intentional infliction of mental distress and gross negligence and that such acts violated plaintiff's civil rights. It was further alleged that the actions of the individual defendants resulted from a de facto policy of the Pima County Sheriff, that this policy was known to the supervisory personnel of the sheriff's department, and that despite this knowledge the supervisory personnel had taken no steps to terminate the practices and had not disciplined, supervised or effectively trained deputies but instead sanctioned the policy and practices.

Plaintiffs filed a request for production of documents, consisting of (1) all records contained in or made a part of the personnel records or files of defendants Callan and Hughes, including but not limited to complaints concerning their conduct as police officers, disciplinary or internal police review of their activities as police officers and psychiatric evaluations; (2) all information concerning complaints made against Callan and Hughes and maintained by the Internal Affairs Division of the sheriff's department or Pima County and (3) a copy of Callan's and Hughes' records while at the police academy.

The defendants objected to the request for production on the grounds of privilege, confidentiality and relevance. The plaintiffs filed a motion to compel production of the requested documents and the motion was granted. The court indicated that deletion of the names of confidential informants, if any, was permitted and:

"Should a dispute arise between the parties as to whether any names deleted are discoverable, upon application of any party, the Court shall make an in-camera inspection of the particular documents in question and make an appropriate ruling thereon."

The defendants' position is that the entire police personnel and internal affairs records are not discoverable and that the records must be reviewed in camera by the court to determine relevance. Since we agree with them that an in camera inspection is necessary as a prerequisite to inspection of the requested police records, we assume jurisdiction.

The subject of allowing discovery as to the internal affairs records pertaining to law enforcement officers has been considered in the cases of *City of Phoenix v. Peterson*, 11 Ariz.App. 136, 462 P.2d 829 (1969); *State ex rel. DeConcini v. Superior Court*, 20 Ariz.App. 33, 509 P.2d 1070 (1973); and *City of Tucson v. Superior Court*, 25 Ariz.App. 512, 544 P.2d 1113 (1976). The *City of Phoenix* and the *City of Tucson* cases were civil actions for damages arising out of alleged police brutality and the city's negligent retention of such officers in its employ, knowing or having reason to know of their vicious propensities. Both cases recognized that the plaintiff was entitled to discover information in the police department's internal affairs records concerning prior complaints about assaults or other incidents tending to show the vicious propensities of the officers and notice to the city regarding those propensities. Those cases did not endorse carte blanche access to internal affairs records concerning specified police officers. We agree with the defendants that the respondent court abused its discretion as to the discovery order challenged here. To allow such an order to stand would be tantamount to allowing a "fishing expedition."

The plaintiffs' request for production essentially sought an opportunity to inspect all personnel records pertaining to Callan and Hughes and all investigative reports of complaints against them. A like situation was presented in *Martinelli v. District Court In and For the City and County of*

*Denver, Colo.,* 612 P.2d 1083 (Colo.1980).[1] The trial court had ordered the personnel files and reports produced for an in camera inspection. After that inspection, the court granted the plaintiff's motion to compel discovery in its entirety. The Colorado Supreme Court held that it was necessary for the trial court to conduct an in camera examination of the files and reports to make specific findings of relevance as to individual items contained in the files and reports within the meaning of the Colorado counterpart of our rule 26(b)(1), 16 A.R.S., Rules of Civil Procedure, and to disallow discovery of any materials it determined to be irrelevant to the plaintiff's causes of action.[2]

The Colorado Supreme Court also considered the defendants' argument that the compelled discovery of the personnel files and reports would violate the individual police officers' right to privacy. The court referred to this aspect of the right to privacy as the "right to confidentiality" and stated:

> "When the right to confidentiality is invoked to prevent disclosure of personal materials or information, a tripartite balancing inquiry must be undertaken by the court, as follows:
>
> (1) does the party seeking to come within the protection of the right to confidentiality have a legitimate expectation that the materials or information will not be disclosed?
>
> (2) is disclosure nonetheless required to serve a compelling state interest?
>
> (3) if so, will the necessary disclosure occur in that manner which is least intrusive with respect to the right to confidentiality?" 612 P.2d at 1091.

1. The defendants were the city and county of Denver, the Denver Police Department and individual police officers. Claims similar to the ones we have here were asserted against them, including negligence on the part of the police department in the selection, supervision and retention of the individual police officers.

2. The trial court's order compelling discovery of the requested records did not indicate whether the court had examined the materials

We do not enlarge upon this discussion as we believe that the claim of confidentiality asserted by defendants is controlled by *Mathews v. Pyle,* 75 Ariz. 76, 251 P.2d 893 (1952).

We vacate the order for inspection and direct the respondent court to conduct an in camera examination of the files and documents and to disallow discovery of those materials, if any, that it determines to be irrelevant to the plaintiffs' claims for relief. It shall then order discovery of relevant materials contained in the files and reports, subject to appropriate protective orders. In addition, the respondent court shall place copies of all items of material held not discoverable in a sealed file, which file shall be a part of the record of the case.[3]

HOWARD and BIRDSALL, JJ., concur.

contained in the files and reports in order to determine their relevance.

3. Since appellate review may become necessary concerning court-ordered inspection of certain documents, those too should be placed in a sealed file and made part of the record. Otherwise, the propriety of such order cannot be considered on appeal. See *Little v. Gilkinson,* 130 Ariz. 415, 636 P.2d 663 (1981).