727 P.2d 843

Sue A. HILLHOUSE,
Plaintiff/Appellant,

v.

RICE SCHOOL DISTRICT NO. 20; Buck Kitcheyan, Rupert Alden and Lambert Noline, in their representative capacity as Governing Board Members thereof; Tom Morgan in his capacity as Superintendent, Rice School District No. 20, Defendants/Appellees.

No. 2 CA–CIV 5730.

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 25, 1986.

Gonzales & Villarreal, P.C. by Stephen C. Villarreal, Tucson, for plaintiff/appellant.

Gallagher & Kennedy, P.A. by Constance C. Brockelman, Phoenix, for defendants/appellees.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of summary judgment in favor of appellee Rice School District on the issue of appellant Hillhouse's status as a teacher. The trial court held, as a matter of law, that appellant did not satisfy the requirements of the Arizona Teachers Tenure Act, A.R.S. § 15–501, et seq. [the Act] and therefore was not a "continuing," or tenured, teacher. We disagree.

Appellant Hillhouse became employed by appellee Rice School District in 1977, and remained an employee until her termination by the District in 1984. The District claims that appellant was not a tenured teacher and, alternatively, that her position was properly eliminated due to a reduction in federal funding. Appellant alleges her dismissal was improper because she was not afforded the notice and hearing due a tenured teacher and, further, there was no valid reduction in force in the District.

Appellant was employed as a counselor in a federally-funded program,[1] and performed various duties in that capacity.

---

1. The source of the funding for an employee's position is not material to the issue of tenure. Attorney General Opinions I84–145 (October 17, 1984), I79–055 (February 21, 1979).

The approximate time appellant spent on each task, as disclosed by the record, is as follows: personal and academic counseling of individual students, 20 percent; individual testing and screening of students, 20 percent; conducting group counseling sessions, five percent; screening special education needs of individual students, 10 percent; observing student classroom and playground activities, seven percent; coordinating testing services, 15 percent; providing services to teachers and aides, five percent; attending parent conferences, five percent; training and supervising counseling aides, taking pictures for the "Save the Children Federation" and attending conferences, 13 percent. Both parties agree that appellant was never a full-time classroom teacher.

If appellant is to be considered a continuing teacher under the Act, she must meet certain statutory requirements, *Mish v. Tempe School Dist. No. 3*, 125 Ariz. 258, 262, 609 P.2d 73, 77 (App.1980). A.R.S. § 15–501(A)(3) provides:

> " 'Continuing teacher' means a certificated teacher who is employed under contract in a school district as a full-time classroom teacher, a full-time classroom teacher employed under contract in an accommodation school, a school principal devoting not less than fifty per cent of his time to classroom teaching or a supervisor of school children's activities, and whose contract has been renewed for his fourth consecutive year of such employment in the district."

It is undisputed that appellant holds the necessary certificates, that she was employed under contract by the District, and that her contract was renewed for the requisite fourth year. However, appellant was neither a full-time classroom teacher nor a school principal teaching at least 50 percent of the time. Therefore, appellant must be considered a "supervisor of school children's activities" in order to be protected by the Act.

There is little Arizona case law on the subject. *Mish v. Tempe School Dist. No. 3*, supra, cited by both parties in support of their respective arguments, is similar but distinguishable. Mish was a computer programmer who sought tenure from her employer school district. Similar to appellant here, Mish argued that she held the necessary teaching certificates, she was a full-time employee under contract for the school district, and her contract was renewed for a fourth consecutive year. Her responsibilities included occasional testing of students, and she once taught a two-week special education class. The appellate court held Mish was not a teacher entitled to tenure under the Act because she did not satisfy the requirements of A.R.S. § 15–251(A)(2) [now A.R.S. § 15–501(A)(3) ]. According to the court, Mish was a non-teaching administrator, and her slight involvement with students did not entitle her to tenure as a continuing teacher.

 Unlike Mish, appellant spends a considerable portion of her time as a counselor in student-related activities. In *Board of Education, Tucson High School District No. 1 v. Williams*, 1 Ariz.App. 389, 393, 403 P.2d 324, 328 (1965), the court, in stating that the Act should be interpreted liberally, said "the word 'teaching' as used in the act contemplates the counseling of students by teachers specially trained in this field." There is also an opinion of the Attorney General that speaks to this question.[2] Attorney General Opinion I84–048 (April 3, 1984), citing *Board of Education, Tucson High School District No. 1 v. Williams*, supra, states that a full-time guidance counselor may obtain continuing teacher status if the other statutory requirements are met.

---

**2.** Contrary to the belief of the trial court (minute entry dated December 3, 1985), opinions of the Attorney General may be considered. Although Attorney General Opinions are advisory only, *Marston's, Inc. v. Roman Catholic Church of Phoenix*, 132 Ariz. 90, 94, 644 P.2d 244, 248 (1982), they may be persuasive. *Neary v. Frantz*, 141 Ariz. 171, 176, 685 P.2d 1323, 1328 (App.1984).

Appellant performed a variety of activities in her role as counselor. Some activities directly involved students, while others appear to have been administrative. However, there is no necessity to impose a rigid formula to determine whether a counselor should be considered a teacher when, as here, appellant obviously spent a substantial portion of her time with students or involved in student-related matters. We hold, therefore, that appellant, in her position as counselor, is a continuing teacher for purposes of the Arizona Teachers Tenure Act.

A continuing teacher is statutorily protected from unilateral termination by a school district, *Knollmiller v. Welch*, 128 Ariz. 34, 623 P.2d 823 (App.1981). Even if funding for a particular position has been eliminated, the continuing teacher is still entitled to notice and a hearing before dismissal for cause under A.R.S. § 15–539. See Attorney General Opinion I84–146 (October 17, 1984). If, instead, the dismissal is the result of a reduction in force, the district must comply with A.R.S. § 15–544 before a continuing teacher may be terminated.

▋ Having determined that appellant is a tenured teacher, and is therefore entitled to the procedural safeguards of the Act, the next issue is whether the contract between the District and appellant may properly include a provision waiving continuing teacher status. There is no existing Arizona law on this specific issue. However, another Attorney General Opinion, I84–145 (October 17, 1984), addresses this exact question and concludes that the same provision as contained in appellant's contract,[3] with only minor differences in language, cannot override the provisions of the Act. See also Attorney General Opinion I79–055 (February 21, 1979).

3. The provision in appellant's 1984 contract stated:
"Employee acknowledges and agrees that this contract is predicated on and subject to the appropriation of federal funds. Employees, (sic) therefore, agrees that, should federal funds not be appropriated and distributed to Rice School Board for the continuance of the

The trial court's judgment is reversed for further proceedings consistent with this opinion. Appellant is awarded attorney's fees incurred in connection with this appeal pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S., A.R.S. § 12–341.01, and *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710 P.2d 1025 (1985) (supplemental opinion).

HATHAWAY, C.J., and HERNANDEZ, J., concur.

Employee's salary under Indian Education T–IV, this contract is at the Board's option terminated. As a part of the consideration of this contract, employees agrees (sic) that, should federal funding stated above be terminated, employee will assert no right to continuing employment."