690 P.2d 51

Gary Arland MITCHELL, Petitioner,

v.

SUPERIOR COURT, State of Arizona, In and For the COUNTY OF PIMA, the Honorable Thomas Meehan, Judge of the Superior Court, Respondent,

and

STAR PUBLISHING COMPANY, INC., Real Party in Interest.

No. 17661–PR.

Supreme Court of Arizona, En Banc.

Oct. 29, 1984.

Frederic J. Dardis, Pima County Public Defender by Frank P. Leto, Tucson, for petitioner.

Bilby & Shoenhair by Thornton E. Robison, Tucson, for respondent.

FELDMAN, Justice.

Petitioner, Gary Mitchell, was convicted of sexual assault and sentenced by the Pima County Superior Court to 28 years in prison. The court of appeals affirmed. 140 Ariz. 551, 683 P.2d 750 (App.1984). While a motion for reconsideration was pending in the court of appeals, Star Publishing Company, Inc. (Star) filed a motion seeking access to Mitchell's presentence report.[1] The court of appeals vested jurisdiction in the superior court for the purpose of deciding Star's motion. A hearing was conducted on June 8, 1984 to consider the motion, and the judge ordered that the

---

1. A presentence report is required in cases where the court has discretion over the penalty and incarceration for one year or more is a possible disposition. Rule 26.4(a), Arizona Rule of Criminal Procedure, 17 A.R.S. There is a statutory directive to the probation officers to investigate cases referred to them by the court. A.R.S. 12–253(4). Information contained in the report comes from various sources, such as Department of Public Safety records, Arizona Criminal Intelligence Agency records, and records or statements made by any interested party. Also included in the Pima County presentence reports are topic headings such as social history, health and personal habits, educational history, employment, victim's statements, previous record, marital status, any collateral information deemed appropriate by the presentence investigator, and the investigator's evaluation.

presentence report be disclosed.[2] On June 12, 1984, Mitchell filed a petition for special action, seeking to overturn the ruling of the trial court. Rule 2, Rules of Procedure for Special Actions, 17A A.R.S. On July 2, 1984, the court of appeals, without comment, declined to accept jurisdiction. Mitchell petitions this court to review the action of the court of appeals. We have jurisdiction pursuant to Rule 8, *id.*, and accepted jurisdiction because the case presents a question of public importance involving the validity of a practice generally followed by the Pima County Superior Court. See Rule 23(c), Rules of Civil Appellate Procedure, 17A A.R.S.

On October 5, 1973, the then presiding judge of the Pima County Superior Court promulgated an order directing all presentence reports to be sealed and the following notation placed on the outside: "To Be Opened Upon Order of a Judge of the Superior Court Only." This order purported to comply with Rule 26.6(e) of the Arizona Rules of Criminal Procedure. However, that Rule favors disclosure; it states that presentence reports "prepared under Rule 26.4, 26.5 and 26.7(c) are matters of public record unless otherwise provided by the court." [3] Our statutes also evince a legislative policy favoring disclosure, unless strong countervailing considerations exist. *Carlson v. Pima County*, 141 Ariz. 487, 687 P.2d 1242 (1984).

**2.** It is unclear whether the judge made an *in camera* inspection of the report in question.

**3.** We recognize that the American Bar Association Standards for Criminal Justice recommend that presentence reports not be public records. American Bar Association Standards, *Sentencing Alternatives and Procedures*, Standard 5.3 (1982). Our rule reflects our conclusion that the public's ability to examine and evaluate the criminal justice system as it relates to the disposition of offenders is important and should not lightly be curtailed.

**4.** Nothing in this opinion limits the court's discretion in curtailing public access to *all* reports *before* sentencing has actually occurred. In addition, Rule 26–6(e) impliedly exempts from public access any part of the presentence report that may have been excised by the court under Rule 26.6(c), which provides as follows:

Petitioner claims that the phrase "unless otherwise provided by the court" in Rule 26.6(e) authorizes the Pima County courts to seal all presentence reports until a court orders their release. Such a conclusion would make non-disclosure the general rule and access the exception; it would be the obverse of the policy embodied in Rule 26.6(e). The proper interpretation of Rule 26.6(e) is that it enacts a general policy of public access while giving the court discretion, where good cause exists, to limit access by order made on an individualized basis in a particular case.[4]

Petitioner asserts his Constitution-based right of privacy (Ariz. Const., Art. 2, § 8) regarding the information in the report that pertains to his personal life.[5] We have always recognized that an "unlimited right of inspection might lead to substantial and irreparable public or private harm," *Carlson v. Pima County*, supra, and, where the court's discretion has been properly invoked, have asked trial courts to make *in camera* inspections of the relevant documents and balance the rights of the parties. *See Carlson*, supra; *Moorehead v. Arnold*, 130 Ariz. 503, 637 P.2d 305 (App.1981); *Mathews v. Pyle*, 75 Ariz. 76, 251 P.2d 893 (1952); *Little v. Gilkinson*, 130 Ariz. 415, 636 P.2d 663 (App.1981); *Church of Scientology v. City of Phoenix*, 122 Ariz. 338, 594 P.2d 1034 (App.1979).

Excision. The court may excise from the copy of the pre-sentence, diagnostic and mental health reports disclosed to the parties:
(1) Diagnostic opinions which may seriously disrupt a program of rehabilitation,
(2) Sources of information obtained on a promise of confidentiality and,
(3) Information which would disrupt an existing police investigation.
When a portion of the pre-sentence report is not disclosed, the court shall inform the parties and shall state on the record its reasons for making the excision.
Obviously the public has no greater right to see these parts than do the parties themselves.

**5.** In the superior court he also argued that federal regulations mandated non-disclosure; he has not so argued in his petition to us. We do not reach the question.

While confidentiality may be preserved on a case-by-case basis, we recognize that the public's need for information about the disposition of offenders is compelling, and that it is the public policy of this state to fulfill that need. Thus, when a newspaper seeks information as a member of the public, and a *convicted* offender wishes to bar disclosure on the ground of infringement of his privacy, the rights involved are not coequal, and any decision about which claim is to prevail must ordinarily favor the public's right of access. The burden of showing the probability that specific, material harm will result from disclosure, thus justifying an exception to the usual rule of full disclosure, is on the party that seeks non-disclosure rather than on the party that seeks access.

By sealing all presentence reports, the 1973 Pima County rule places the burden on the wrong party, producing a result that is directly contrary to our rules. Of course, the directive is termed an "order" rather than a rule, but we do not believe that the nomenclature should be dispositive. Orders establishing general policy for all the courts in a county are local rules and must first be approved by this court before they are effective. *Hare v. Superior Court,* 133 Ariz. 540, 542, 652 P.2d 1387, 1389 (1982), Rule 36, Rules of Criminal Procedure, 17 A.R.S. We would not ordinarily approve a local rule contrary to the general rules of procedure adopted for the entire state. Although we do permit variances from county to county in procedural matters, we cannot approve local rules that produce results contrary to statewide public policy. We hold that the 1973 order is void to the extent that it enacts a general rule keeping all presentence reports confidential even after sentencing.

In the present case the presentence report was not a part of the petition before us. Petitioner failed to convince the court of appeals that the trial court's disclosure order was an abuse of discretion. The failure to include the report with the pleadings submitted to us makes it inappropriate for us to attempt to determine whether the trial court abused its discretion. *See Little v. Gilkinson,* supra. In view of our general policy of disclosure, and on this record, the order of the trial judge appears eminently proper. Certainly there is no showing of abuse of discretion or error of law. The court of appeals properly denied relief.

The order of the court of appeals declining to accept jurisdiction of the petition for special action is approved. The order of the superior court is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.