891 P.2d 899

STAR PUBLISHING CO., an Arizona corporation; and Joseph Burchell, an individual, Petitioners/Appellees/Cross–Appellants,

v.

PIMA COUNTY ATTORNEY'S OFFICE, a public body; Stephen D. Neely, in his capacity as County Attorney of Pima County, and Pima County, a political subdivision of the State of Arizona, Respondents/Appellants/Cross–Appellees.

No. 2 CA–CV 94–0115.

Court of Appeals of Arizona, Division 2, Department A.

Aug. 16, 1994.

Review Denied March 21, 1995.

Brown & Bain by Philip R. Higdon and Lane D. Oden, Tucson, for petitioners/appellees/cross-appellants.

Stephen D. Neely, Pima County Atty. by JoAnn Sheperd, Tucson, for respondents/appellants/cross-appellees.

## OPINION

LIVERMORE, Presiding Judge.

In connection with allegations concerning improprieties in the operation of the Pima County Assessor's Office, the Pima County Board of Supervisors subpoenaed the computer backup tapes of that office containing all documents for 1993 including E-mail communications of employees. When plaintiffs Star Publishing Company and its reporter Joe Burchell requested these tapes from the Board, they were told that the tapes had been given to the Pima County Attorney. Plaintiffs then made a formal request for the tapes to the county attorney and, upon its denial, brought a special action in superior court under A.R.S. § 39–121.02. That court ordered production of the tapes. The county attorney appeals. The newspaper cross-appeals from the denial of its attorneys' fees. We affirm in part and reverse in part.

The argument of the county attorney on appeal is that it ought not be required

to produce the tapes because some of the material there recorded might not be a public record, might be protected by a deliberative process privilege, might be immune from disclosure in order to protect public employee privacy rights, or might impede a pending criminal investigation. While these concerns might on occasion permit secrecy, no showing has been made on this record why they should preclude revelation. All that is offered is speculation. No one has examined the actual records in this case to demonstrate why any particular individual record ought not be revealed for one of these reasons. If we were to accede to the county attorney's argument, we would effectively repeal the public records statute. Because it is always possible to argue that public records contain nondiscoverable matter, argument alone would always allow nonrevelation. Our supreme court, however, has made it clear that public records are presumed open to the public for inspection unless the public official can demonstrate a factual basis why a particular record ought not be disclosed to further an important public or private interest. *Cox Arizona Publications, Inc. v. Collins,* 175 Ariz. 11, 852 P.2d 1194 (1993); *Mitchell v. Superior Court,* 142 Ariz. 332, 690 P.2d 51 (1984); *Carlson v. Pima County,* 141 Ariz. 487, 687 P.2d 1242 (1984). As we said in *Star Publishing Company v. Parks,* 178 Ariz. 604, 605, 875 P.2d 837, 838 (App.1993), "If disclosure is to be avoided, the public entity must point to specific risks with respect to a specific disclosure; it is insufficient to hypothesize cases where secrecy might prevail and then contend that the hypothetical controls all cases." That is all that the county attorney has attempted here.

■ Because the record is devoid of substantive content, we cannot address the specific arguments the county attorney makes. It may be that particular documents contained on the computer tapes are not public records within the meaning of *Salt River Pima–Maricopa Indian Community v. Rogers,* 168 Ariz. 531, 815 P.2d 900 (1991). But since no records have been produced, it is impossible to say. Were Arizona to adopt a deliberative process privilege akin to that recognized in *Rogers v. Superior Court,* 19 Cal.App. 4th 469, 23 Cal.Rptr.2d 412 (1993),

it might apply to some of the documents. But without knowing what the documents reveal, we cannot assess whether to adopt any such privilege or what its scope ought to be. While we doubt that public employees have any legitimate expectation of privacy in personal documents that they have chosen to lodge in public computer files, we are unable to even assess the nature of any claim they might have, given the paucity of this record. Finally, that public records may contain evidence of criminal activities that are the subject of a pending investigation does not, without a more specific showing of serious potential harm from revelation, justify nonrevelation. *Cox Arizona Publications, Inc. v. Collins,* 175 Ariz. 11, 852 P.2d 1194 (1993).

■ The county attorney makes two final arguments. First, it argues that the request was too broad, that the newspaper, in effect, wanted to see all public records of the assessor's office. But under A.R.S. § 39–121, such records "at all times during office hours shall be open to inspection by any person." There is no statutory right created to allow the county attorney to limit the scope of public interest in public business. Second, it contends that the trial court erred in not allowing the county attorney to screen the tapes to exclude from discovery those matters which legitimately might be kept secret. We do not believe the county attorney has standing to argue this issue on appeal when its whole contention below was that it need not reveal any record because some records might be nondiscoverable. Having foregone the right below to demonstrate specifically why certain documents ought not be revealed, the county attorney cannot resurrect that right on appeal.

■ We come then to Star Publishing's cross-appeal contending that the trial court erred in not awarding attorneys' fees under A.R.S. § 39–121.02(B) because public records were withheld "wrongfully" and the custodian "acted in bad faith, or in an arbitrary or capricious manner." We have determined that the records were withheld wrongfully. While under *Cox Arizona Publications, supra,* the trial court is accorded discretion to decide whether the custodian acted in bad

faith, arbitrarily or capriciously, we conclude that discretion was abused on the facts of this case. The county attorney did not act in bad faith. We have no reason to doubt the sincerity of counsel. But we do find the arguments arbitrary and capricious given the holdings in *Cox Arizona Publications, supra,* and *Star Publishing Company v. Parks, supra.* Having been repeatedly told that documents can be kept secret only by a specific showing of a specific harm, the custodian cannot resist all disclosure on the ground that some documents may be legitimately kept secret without being found to have acted arbitrarily and capriciously.

The judgment ordering revelation is affirmed. The order denying fees is reversed and the matter remanded for the award of such fees as are found reasonable. Appellees are awarded attorneys' fees on appeal in an amount to be determined upon filing the statement required by Rule 21, Ariz.R.Civ. App.P., 17B A.R.S.

LACAGNINA, J., concurs.

ESPINOSA, Judge, dissenting in part:

I respectfully disagree with the majority opinion only as to the granting of the cross-appeal. The majority, in effect, fashions a new rule for finding arbitrary and capricious action in the county attorney's misguided but good faith refusal to comply with a broad disclosure request, and then sanctions the county for violating it. I would find no abuse of discretion in the trial court's determination that the county's position was neither arbitrary nor capricious, given the "global" nature of the production request here for an estimated thirteen thousand computer entries covering an entire year's worth of personnel records, telephone messages, and interoffice communications, legitimate concerns regarding such wholesale disclosure which go far beyond those related to the police report at issue in *Cox,* and new questions concerning the privacy of electronic mail in the workplace. As suggested at oral argument, this may indeed be a case where technology has once again outpaced the law.