916 P.2d 1070

**ARIZONA PORTLAND CEMENT COM-PANY, a division of California Portland Cement Company, a California corporation, Petitioner,**

**v.**

**ARIZONA STATE TAX COURT, The Honorable William J. Schafer, III, a judge thereof, Respondent Judge,**

**PIMA COUNTY, a political subdivision of the State of Arizona; and the Department of Revenue of the State of Arizona, Real Parties In Interest.**

No. 1 CA–SA 95–0140.

Court of Appeals of Arizona, Division 1, Department E.

July 11, 1995.

Reconsideration Denied Jan. 3, 1996.

Review and Cross–Petition for Review Denied May 21, 1996.

Stephen J. Lenihan, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Alison K. North, Deputy County Atty., Tucson, for the real parties in interest.

OPINION

CONTRERAS, Presiding Judge.

■ The question in this Special Action is whether the trial court abused its discretion by granting Pima County's Motion to Compel Disclosure of a taxpayer's private business records and information while not correspondingly granting the taxpayer's Motion for Protective Order pursuant to the confidentiality provisions of Ariz.Rev.Stat.Ann. ("A.R.S.") section 42–108. We accept jurisdiction and grant relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 1993, the taxpayer Arizona Portland Cement Company ("Portland Cement") filed an appeal under A.R.S. section 42–177 [1] to protest an assessed valuation of its business property by the Pima County Assessor's Office and the resulting 1993 taxes levied upon it. Pursuant to A.R.S. section

---

1. A.R.S. section 42–177(A) states that "A court appeal relative to valuation or classification of property is commenced by filing a notice of ap-

42–177(E),[2] Portland Cement paid under protest the taxes levied and assessed, and it now seeks a refund.

During the course of the appeal before the Tax Court, the Pima County Attorney requested discovery disclosure of Portland Cement's business records and information relating to its operation. The county attorney sought discovery disclosure in order to prepare for trial and attempt to refute what Portland Cement has alleged to be an erroneous 1993 assessment of the property in question.

Portland Cement agreed to disclose its records and business information on the condition that they remain confidential, citing A.R.S. section 42–108(A)(3)(h). This section provides that:

> "Confidential information" includes the following information whether it concerns individual taxpayers or is aggregate information for specifically identified taxpayers:
>
> . . . .
>
> (h) A taxpayer's identity, the nature, source or amount of the taxpayer's income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over assessments or tax payments, whether the taxpayer's return was, is being or will be examined or subject to investigation, collection or processing or any other data received by, recorded by, prepared by, furnished to or collected by the department with respect to a return or with respect to the termination, or possible existence of, liability of any person for any tax, penalty or interest imposed pursuant to this title or title 43 or unclaimed property.

A.R.S. § 42–108(A)(3)(h) (Supp.1994).

The Pima County Attorney refused to promise confidentiality, citing A.R.S. sections 42–108(D)(3) and 42–108(E). These sections respectively state:

> Confidential information may be disclosed in any state or federal judicial or administrative proceeding pertaining to tax or unclaimed property administration if the taxpayer or claimant is a party to the proceeding.

A.R.S. § 42–108(D)(3) (Supp.1994).

> Except as provided in subsection F of this section, a court may order the department [of revenue] to disclose confidential information pertaining to a party to an action. An order shall be made only upon a showing of good cause and that the party seeking the information has made demand upon the taxpayer or claimant for the information.

A.R.S. § 42–108(E) (Supp.1994). The Pima County Attorney also relied on the public records provision of A.R.S. section 39–121, which provides that "[p]ublic records and other matters in the office of any [public] officer at all times during office hours shall be open to inspection by any person." A.R.S. § 39–121.

After efforts to reach a stipulation failed, the Pima County Attorney filed a Motion to Compel Disclosure of the business records. Portland Cement subsequently moved for a protective order. Following oral argument, the Tax Court, without comment, granted the Motion to Compel Disclosure and denied the Motion for a Protective Order. Portland Cement then filed this Petition for Special Action.

## II. JURISDICTION

We accept jurisdiction because the issue presented is of statewide concern. *E.g., U.S. Xpress, Inc. v. Arizona Tax Court,* 179 Ariz. 363, 365, 879 P.2d 371, 373 (App.1994) (Court accepted special action jurisdiction because Tax Court's opinion misinterpreting a statute was a matter of statewide concern in that it would "misgovern tax appeals of motor carriers throughout the state.").

A refusal to maintain the confidentiality of taxpayer's information by Real Parties in

---

peal with ... the tax court...." *Id.* (Supp. 1994).

**2.** A.R.S. section 42–177(E) states, "All taxes levied and assessed against property on which an appeal has been filed by the owner thereof shall be paid under protest prior to the date the tax becomes delinquent.... If such taxes are not paid prior to becoming delinquent, or if a copy of the receipt for payment is not so filed, the court shall dismiss the appeal." *Id.* (Supp.1994).

Interest and the Tax Court will affect all taxpayers filing administrative or judicial appeals. It can readily be appreciated that without some assurance that business records and information furnished to the taxing authorities will remain confidential, businesses and individuals will be reluctant to maintain actions to recover taxes paid under protest. In addition, under these circumstances, any remedy by appeal would be inadequate. The present question has been formulated in the context of a discovery issue, the resolution of which could prove pivotal in a taxpayer's decision to continue litigation or dismiss its action.

## III.   DISCUSSION

In its petition, Portland Cement argues that public disclosure of its business records and the information requested by the county attorney would subject it to severe economic harm due to the nature of the cement business and the strong competition among a limited number of Arizona cement companies:

> The information related to the fixed and variable costs is of such importance to continued competitive success in the cement business that only four employees of ... [Portland Cement's] Arizona operation have knowledge of these costs....

> If ... [Portland Cement's] only Arizona competitor ... were to acquire information regarding fixed and variable costs, it would have a considerable competitive advantage.

■ At this stage in the proceedings, Pima County does not dispute Portland Cement's statements that its only Arizona competitor would have a considerable competitive advantage if it were to acquire information regarding fixed and variable costs.[3] Pima County predicates its right to disclose confidential

tax information upon (1) what it considers to be the "plain reading" of A.R.S. section 42–108 and (2) its obligation to disclose public records in accordance with the mandated provisions of A.R.S. section 39–121. We disagree that either basis justifies public disclosure.

Pima County asserts that the "plain reading" of A.R.S. section 42–108(D)(3) which provides, "Confidential information may be disclosed in any state or federal judicial or administrative proceeding pertaining to tax ... if the taxpayer ... is a party to the proceeding," is an exception to non-disclosure where the business records and information sought are central to the matter being litigated. We might be inclined to consider this position but for the immediately following subsection of this statute, which states:

> Except as provided in subsection F of this section [not applicable here], a court may order the department to disclose confidential information pertaining to a party to an action. *An order shall be made only upon a showing of good cause* and that the party seeking the information has made demand upon the taxpayer or claimant for the information.

A.R.S. § 42–108(E) (Supp.1994) (emphasis added). Thus, accepting Pima County's interpretation of A.R.S. section 42–108(D)(3) would render A.R.S. section 42–108(E) meaningless.

Further, the structure of A.R.S. section 42–108 demonstrates that the legislature intended certain designated information furnished by the taxpayer to be considered "confidential" and disclosed only under limited circumstances, that is, "upon a showing of good cause." First, in the context of the present case, the business records and information sought by Pima County are "confi-

---

**3.** Additionally, like the shopping centers addressed in *Grossman v. Westmoreland II Investors*, 123 Ariz. 223, 599 P.2d 179 (1979), Portland Cement uses the "income" method of property valuation. This valuation method requires the taxpayer to provide business records in the form of "lists" to the county assessor's office in order for the assessor's office to determine the worth of the taxpayer's property. 123 Ariz. at 224–25, 599 P.2d at 180–81. Lists are confidential under A.R.S. section 42–233 because "[t]he information

and data necessary to perform an income analysis is solely with the possession of the owner of the shopping center...." 123 Ariz. at 224, 599 P.2d at 180.

Although A.R.S. section 42–223 applies to cases in which the taxpayer has *already provided* the relevant business records to the county assessor, this statute supports by analogy our conclusion that Portland Cement's business records constitute confidential information.

dential" pursuant to A.R.S. subsections 42–108(A)(3)(f) and (h) once they are placed in Pima County's possession.

Second, A.R.S. section 42–108(E) permits the Tax Court to order disclosure of confidential information relating to a party "only upon a showing of good cause." *Id.* (Supp. 1994). Finally, A.R.S. section 42–108(D)(3) only authorizes Pima County to use the confidential information supplied by Portland Cement in defending the instant action because, as a taxpayer, Portland Cement "is a party to the proceeding." *Id.* (Supp.1994).

We also note that A.R.S. section 42–108(J) states, "A disclosure of confidential information in violation of this section is a class 1 misdemeanor. A knowing disclosure of confidential information is a class 6 felony." *Id.* (Supp.1994). This demonstrates the seriousness with which the legislature intended "confidential information" to be treated.

We conclude that Pima County's belief that it is obligated to disclose the confidential information in question as a public record in accordance with the mandated provisions of A.R.S. section 39–121 is misplaced. This is so for the basic reason that the A.R.S. section 42–108 "confidential information" obtained by Pima County does not constitute "public records." Rather, it retains its nature as "confidential information" and can only be disclosed by court order pursuant to A.R.S. section 42–108(E).

In view of *Cox Arizona Publications, Inc. v. Collins,* 175 Ariz. 11, 852 P.2d 1194 (1993), we can understand Pima County's cautionary approach as to whether the information in question constitutes public records. In *Cox,* the supreme court reinstated the superior court's award of attorney's fees in the amount of thirty thousand dollars against the county attorney for wrongfully denying the newspapers access to investigative police reports. 175 Ariz. at 15, 852 P.2d at 1199.

In contrast to the present case, however, the parties in *Cox* agreed that the records in question were public records. 175 Ariz. at 14, 852 P.2d at 1198. Thus, *Cox* does not apply here because the records with which we are concerned are *not* "public records." In addition, unlike the procedural setting in

*Cox,* the Pima County Attorney may seek the guidance of the Tax Court to determine whether confidentiality must give way to public disclosure in this case. *See* A.R.S. § 42–108(E).

## IV. CONCLUSION

The present matter presents a situation where a taxpayer operating a substantial business has, after paying taxes under protest, commenced litigation for a recovery based upon an alleged erroneous assessment. Because of the taxpayer's income approach to valuation, the Pima County Attorney requires certain business records and information in order to properly defend the assessed valuation. The taxpayer is willing to furnish the requested records and information to the Pima County Attorney provided it is treated as "confidential information."

The structured provisions of A.R.S. section 42–108 provide the manner in which the requested information is to be considered and the conditions under which it may be disclosed. Simply put, the requested information is "confidential information" and is only to be disclosed by order of the Tax Court upon a showing of good cause. Any other disclosure may subject the disclosing party to the penalties of A.R.S. section 42–108(J).

The Tax Court was therefore correct in granting the Motion to Compel Disclosure. However, under the provisions of A.R.S. section 42–108 and in order to protect Portland Cement's interest along with the interests of the Pima County Attorney, the court correspondingly should have granted Portland Cement's Motion for a Protective Order. Accordingly, we accept jurisdiction, grant relief, and direct the Tax Court to enter an appropriate order in accordance with this decision.

LANKFORD and McGREGOR, JJ., concur.