IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BARBARA LAWALL, in her official capacity as Pima County Attorney,
*Plaintiff/Appellant*,

*v.*

R.R. ROBERTSON, L.L.C., an Arizona limited liability company,
dba R3 INVESTIGATIONS; RICHARD R. ROBERTSON; and
CHRISTOPHER DUPONT, *Defendants/Appellees*.

No. 1 CA-CV 14-0367
FILED 7-2-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-016013
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Pima County Attorney's Office, Tucson
By Andrew L. Flagg
*Counsel for Plaintiff/Appellant Barbara LaWall*

Perkins Coie, LLP, Phoenix
By Daniel C. Barr
*Counsel for Defendants/Appellees R.R. Robertson, L.L.C.; R3 Investigations;
and Richard R. Robertson*

Trautman Dupont, PLC, Phoenix
By Christopher B. Dupont
*Counsel for Defendant/Appellee Christopher Dupont*

Arizona Prosecuting Attorneys' Advisory Council, Phoenix
By Elizabeth Ortiz
*Counsel for Amicus Curiae Arizona Prosecuting Attorneys' Advisory Council*

Coppersmith Brockelman PLC, Phoenix
By Scott M. Bennett
*Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice*

---

**OPINION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

---

**K E S S L E R**, Judge:

**¶1** Barbara LaWall, in her official capacity as Pima County Attorney ("LaWall"), appeals the superior court's summary judgment in favor of R.R. Robertson, L.L.C. dba R3 Investigations and Richard R. Robertson (hereinafter "R3") and Christopher Dupont (collectively "Defendants" or "Appellees"). LaWall also appeals the denial of her cross-motion for summary judgment, dismissal of her second amended complaint, and the grant of attorneys' fees to R3.

**¶2** The material facts are undisputed and the issue is purely a question of statutory interpretation of Arizona's public records law, *see* Arizona Revised Statutes ("A.R.S.") sections 39-101 to -221 (2001 & Supp. 2014).[1] The primary question presented and the dispositive issue on appeal is whether Appellees' three public records requests are excepted from the statutory definition of "commercial purpose," *see* A.R.S. § 39-121.03(D) (2001), because they will or may be used "as evidence or as research for

---

[1] We cite the current version of applicable statutes because no revisions material to this decision have since occurred.

2

evidence in an action in any judicial or quasi-judicial body."[2]  Because we conclude the requests fall within the exception, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

### I.  Defendants' Requests for Public Records and LaWall's Complaint

#### A.  R3's October Request for Records

¶3　　　In October 2013, R3 requested certain prosecutorial records maintained by the Pima County Attorney's Office pursuant to Arizona's public records statutes.  R3 sought "a copy of selected portions of [LaWall's] 'register' in electronic format . . . of all criminal cases prosecuted by [LaWall's] office . . . initiated [between] 2002 through current."[3]  R3 asserted that the request was "for a non-commercial purpose as defined in A.R.S. § 39-121.03(D) [because] this information will be used as evidence or as research for evidence in actions before judicial or quasi-judicial bodies."

¶4　　　LaWall agreed to produce the information in electronic format with the exception of defendants' birth dates.  However, she stated she did not believe the request was for a non-commercial purpose because it did not apply to a "specific, pending case or proceeding."  LaWall also

---

[2] Section 39-121.03(D) provides that "'commercial purpose' means:"

> the use of a public record for the purpose of sale or resale or for the purpose of producing a document containing all or part of the copy, printout or photograph for sale or the obtaining of names and addresses from public records for the purpose of solicitation or the sale of names and addresses to another for the purpose of solicitation or for any purpose in which the purchaser can reasonably anticipate the receipt of monetary gain from the direct or indirect use of the public record. *Commercial purpose does not mean the use of a public record as evidence or as research for evidence in an action in any judicial or quasi-judicial body.*  (Emphasis added.)

[3] Section 11-532(A)(8) (2012) requires a county attorney to maintain "a register of official business, and enter therein every action prosecuted." R3 requested portions of records including: superior court case numbers; names of defendants, prosecutors, defense counsel, and trial and sentencing judges; defendants' race, gender, and birth dates; statutory charges; and case dispositions and sentences.

stated she did "not believe that use of prosecution records in plea and sentencing assessment qualifies as 'evidence' or 'research for evidence.'" For these reasons, LaWall requested information including R3's tax records to make the additional financial assessments authorized by A.R.S. § 39-121.03(A) for commercial requests.[4]

¶5        After a response from R3 refuting LaWall's position, LaWall filed a complaint against R3 seeking a declaration that the request was for a commercial purpose as defined by A.R.S. § 39-121.03(D).  The complaint alleged R3 must provide a statement of commercial purpose and pay associated charges as required by A.R.S. § 39-121.03(A).[5]

### B.        R3's December Request for Records

¶6        After LaWall filed the complaint, R3 filed another request for records in December 2013, seeking electronic records "of all criminal cases charged by [LaWall's] office since Jan. 1, 2002, that include at least one count

---

[4] Subsection A provides:

> When a person requests copies, printouts or photographs of public records for a commercial purpose, the person shall provide a statement setting forth the commercial purpose for which the copies, printouts or photographs will be used. Upon being furnished the statement the custodian of such records may furnish reproductions, the charge for which shall include the following:
>
> 1. A portion of the cost to the public body for obtaining the original or copies of the documents, printouts or photographs.
>
> 2. A reasonable fee for the cost of time, materials, equipment and personnel in producing such reproduction.
>
> 3. The value of the reproduction on the commercial market as best determined by the public body.

[5] There is no dispute that the records are public, must be provided, and have been provided to Appellees.  The crux of the dispute is whether the requests require a statement of commercial purpose and payment of associated charges due to the commercial nature of the requests.

of first-degree murder." R3 requested inclusion of the same data fields as its first request, *see supra* n.3, and again maintained the request was for a non-commercial purpose. However, unlike the first request, R3 represented that the request was made "to conduct research on behalf of counsel for a client the results of which will be used as evidence before a judicial body." LaWall responded by letter reaffirming her earlier positions regarding the October request, and amended the complaint by adding a second count seeking the same declaratory relief.

### C.     Dupont's Request for Records

¶7          Dupont filed a public records request similar to R3's December request asserting the request was "made to conduct research on behalf of a particular client, the results of which may be used as evidence before a judicial body and/or other public forum." LaWall responded, stating she was unable to determine whether "it is possible that these data might be used as 'evidence' or 'research for evidence' as contemplated [by the statute]," and was concerned Dupont would "turn the data over to R3 or another third party to analyze for a fee." LaWall requested additional information to "[determine] whether [Dupont's] request [was] truly for a non-commercial purpose."[6]

¶8          LaWall was permitted to amend her complaint again and added a third count reflecting allegations against Dupont substantially similar to those in counts one and two asserted against R3. *See supra* ¶ 5.

## II.     Summary Judgment and Attorneys' Fees

¶9          R3 moved for summary judgment. It argued that the second sentence of A.R.S. § 39-121.03(D), which states that commercial purpose does not include "the use of a public record as evidence or as research for evidence in an action in any judicial or quasi-judicial body," does not

---

[6] LaWall requested the following information: "The proceeding for which the requested data are sought including the nature and current status of the proceeding;" "How the data will be used in the proceeding, including specifically how you contend it will lead to admissible evidence;" "Whether you request the data for only your own use and that of your client, or whether it will be provided to a third party;" "If you intend to provide the data to a third party, the terms under which you intend to provide it, including whether the third party will charge a fee to use the data, how you believe the third party will use the data, and whether the data will thereafter remain available to third party for use."

require a "specific" or "pending" action. It also argued that the exception does not require that the data requested be admissible.

¶10         Dupont joined R3's motion and provided his own statement of facts in support of the motion for summary judgment. He avowed that he had been retained by a client to conduct a study of first-degree murder cases in Pima and Maricopa counties. Dupont also stated that he hired R3 to obtain the data requested, but when LaWall refused to produce the records to R3, he submitted his request. He stated that although he did not intend to provide the lists to R3, he would provide them to "other allied professionals to conduct a systemic processes analysis of the cases on the list."

¶11         LaWall opposed the motion and filed a cross-motion for summary judgment relying on facts from R3's discovery responses. Discovery had shown that R3's sentencing analyses are "one of many services it offers to its client," that the data from its records requests "would be used to populate its electronic database" and "added" to its database and "would be used, in part, to provide sentencing analyses to clients who are normally charged a fee for [the analyses] and a host of services provided by R3." R3 "writ[es] queries in its compiled database, using SQL-based database programs" and the "queries extract a subset of responsive data which are compiled into a report, [and] formatted to meet the specific needs of the client." "The reports become the basis for additional research on specific cases, including pulling case files, obtaining supporting records and conducting interviews" and that the "resultant . . . report is the 'tool' that attorneys who retain R3 and their clients can use in whatever manner they deem most appropriate in defending their criminal cases."[7]

¶12         LaWall argued that because the requests were not "truly tied to a particular proceeding—'an action'—as required by the plain language"

---

[7] R3 also responded to particular discovery requests by stating that the information and material was protected by the attorney-client privilege which extends to investigators and/or is covered by the work product doctrine, that R3's client has not consented to such release, that the requested information was outside the scope of discovery in this matter, and not relevant nor reasonably calculated to lead to admissible evidence. The parties also argue about these matters on appeal; however, we need not address these issues given our narrow holding based on the plain language of the statute. *See infra* at Discussion.

of A.R.S. § 39-121.03(D), and because there is no statute or rule that makes R3's sentencing analyses admissible as evidence in criminal proceedings, the requests were for commercial purposes. LaWall maintained that there cannot be "an action in any judicial or quasi-judicial body" for purposes of the exception unless an action is "pending, or at least specifically contemplated," and that the phrase "an action" in the statute impliedly means a "pending action." LaWall asserted that because R3 intends to "sell a public record—or incorporate part of the record into a document it intends to sell" the request was "direct economic exploitation" of public records, and thus, did not qualify as noncommercial within the meaning of subsection (D) or *Star Publ'g Co. v. Parks*, 178 Ariz. 604, 605, 875 P.2d 837, 838 (App. 1993).[8]

¶13 The superior court granted Defendants' motion and denied LaWall's cross-motion. The court first recognized that the parties agreed the records must be disclosed, and identified the dispositive issue as whether the exception to the statutory definition of commercial purpose applied to the requests, thereby exempting Defendants from paying additional charges authorized by A.R.S. § 39-121.03(A). The court then examined the definition of "commercial purpose" in A.R.S. § 39-121.03(D), and relying upon the "sparse" governing case law, *Star Publ'g Co.* and *Primary Consultants, L.L.C. v. Maricopa Cnty. Recorder*, 210 Ariz. 393, 111 P.3d 435 (App. 2005), ruled that the exception applied:

> [I]t does not appear that defendants are seeking the records for a commercial purpose as that term is used in the statute, even setting aside the final sentence of Subsection D. But that sentence adds further weight to the defendants' argument. . . . The Court agrees that nothing in [the exception] requires a currently pending case [in order to apply]. And, construing the word "evidence" broadly, rather than cabining it to something admissible under the [Arizona] Rules of Evidence, fosters the purpose of the statute (to make public records broadly available).

(Footnote omitted.)

_____

[8] LaWall also maintained that because R3's analyses might never lead to something submitted to a court, its use of the records is prohibited by A.R.S. § 39-121.03(C), which forbids obtaining records for a noncommercial purpose and using them or knowingly allowing them to be used for a commercial purpose.

¶14        R3 also requested an award of attorneys' fees.  LaWall opposed R3's $30,833.50 attorneys' fee request not because the fees were unreasonable, but rather because "there is very little appellate guidance on construing A.R.S. § 39-121.03(D)" and "this case does not involve the right to access public records," to "monitor the performance of government officials and their employees."  Disagreeing with LaWall's contentions, the superior court exercised its discretion pursuant to A.R.S. § 39-121.02(B) (Supp. 2014) and awarded the requested fees.

¶15        The court then entered a final signed judgment from which LaWall timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-2101(A)(1) (Supp. 2014) (final judgment of superior court), and 12-1837 (2003) (declaratory action judgment reviewable).

## DISCUSSION

¶16        The parties agree that the requested public records must be disclosed.  The issue on appeal is whether the requests are for a commercial purpose as defined by A.R.S. § 39-121.03(D) such that additional charges for the records can be imposed pursuant to A.R.S. § 39-121.03(A).

¶17        LaWall maintains that because the requests were not made in connection with a specific, pending, or contemplated action and would not lead to admissible evidence, the exception in A.R.S. § 39-121.03(D) does not apply to the requests.[9]  R3 repeats its argument below that its requests were not for a commercial purpose and the exception applies because the statute does not expressly limit the exception to a specific, pending, or contemplated action.  Dupont joins R3's briefing, urging us to affirm and maintains that the exception does not require disclosure to a custodian of records of the proceeding for which the records are sought nor how the records will lead to admissible evidence.

¶18        The issue is the meaning of the exception to the definition of commercial purpose.  *See* A.R.S. § 39-121.03(D) ("Commercial purpose does not mean the use of a public record as evidence or as research for evidence in an action in any judicial or quasi-judicial body.").  We review *de novo* grants of summary judgment and matters of statutory interpretation. *State*

[9] With respect to Dupont, LaWall argues that because there is not enough information to determine whether the exception applies to his request we should vacate the judgment and remand for further proceedings.

8

*ex rel. Montgomery v. Mathis*, 231 Ariz. 103, 109, ¶¶ 17, 19, 290 P.3d 1226, 1232 (App. 2012). As a matter of first impression and based on the undisputed facts in the record, the plain language of the statute dictates the exception applies to each of the three requests, *see supra* ¶¶ 3, 6-7.[10] Thus, Appellees' requests are not subject to additional costs authorized by A.R.S. § 39-121.03(A).

¶19 "Our primary goal of statutory interpretation is to find and give effect to legislative intent . . . [and] look to the plain language of the statute as the best indicator of that intent." *Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc.*, 217 Ariz. 606, 608, ¶ 6, 177 P.3d 867, 869 (App. 2008). In A.R.S. § 39-121.03(D), the legislature excepted from commercial purposes the "use of a public record as evidence or as research for evidence in an action in any judicial or quasi-judicial body." The statutory language is plain and unambiguous. Contrary to LaWall's arguments, the statute does not require that the records requested be used in an action pending at the time of the request, or that the records must be admissible in an action. Thus, Defendants' requests are not subject to A.R.S. § 39-121.03(A) and the additional costs which can be charged for records requested for a commercial purpose.

¶20 Although we need look no further than the plain language of the statute to make our determination, the evolution of the statute supports our determination that we need not imply requirements or terms not included by the legislature. *See Bd. of Sup'rs of Maricopa Cnty. v. Pratt*, 47 Ariz. 536, 542-43, 57 P.2d 1220, 1223 (1936) ("It is only where there is no doubt as to the intention of those who frame an amendment or statute that a court may modify, alter, or supply words that will 'obviate any repugnancy to or inconsistence with such intention'. . . .").

¶21 The second sentence of A.R.S. § 39-121.03(D), which we have referred to as the exception to the definition of commercial purpose, was added in 1985 by House Bill 2286. 1985 Ariz. Sess. Laws, ch. 213, § 4 (1st

---

[10] There are two Arizona judicial opinions that interpret the "commercial purpose" definition—*Primary Consultants*, 210 Ariz. at 399-400, ¶¶ 26-28, 111 P.3d at 441-42 (App. 2005), and *Star Publ'g Co.*, 178 Ariz. at 605, 875 P.2d at 838. Neither case involved facts that implicate the exception in the second sentence of A.R.S. § 39-121.03(D). *See generally Primary Consultants*, 210 Ariz. at 394, ¶ 3, 111 P.3d at 463 (involving records request by political consulting firm); *Star Publishing*, 178 Ariz. at 605, 875 P.2d at 838 (involving records request by newspaper).

Reg. Sess.). House Bill 2286 made a variety of changes to statutes governing state and public records, not just in Title 39 (Public Records, Printing, and Notices) embodying the statute at issue here, but also in Title 11 (Counties) and Title 41 (State Government).

¶22 The 1985 amendment removed former subsection (A) requiring a "verified statement that the reproduction will not be used for a commercial purpose," but retained the requirement of a "certified statement setting forth the commercial purpose."[11] 1985 Ariz. Sess. Laws, ch. 213, § 4 (1st Reg. Sess.) (depicting former subsection (A) requiring statement of noncommercial purpose and showing former subsection (B) became current subsection (A)); *see* House Comm. on Counties and Municipalities Meeting Minutes (Feb. 27, 1985) (stating House Bill 2286 "removes the requirement that [requesters] . . . provide a verified statement that documents will not be used for a commercial purpose. . . . [and] further provides that commercial purpose does not include use . . . as evidence before a judicial or quasi-judicial body."); Senate Comm. on Gov't Fact Sheet for H.B. 2286 (Mar. 25, 1985) (same). Thus, contrary to LaWall's arguments, requesters need not explain to the custodian of records that the use is noncommercial so that the custodian can determine whether additional charges are appropriate.

¶23 Nor does the evolution of the statute support LaWall's claim that to fall within the exception of A.R.S. § 39-121.03(D), the records requested have to be admissible in a proceeding before a judicial or a quasi-judicial body. The same bill that added the exception in subsection (D) to Title 39 (Public Records), also added a provision to Title 41 (State Government), that stated: "Except as otherwise provided by law, records reproduced as provided [in former A.R.S. § 41-1348(A), now renumbered as A.R.S. § 41-151.16(A)] are admissible in evidence as provided in Section 12-2262, subsection (D)." 1985 Ariz. Sess. Laws, ch. 213, § 10 (1st Reg. Sess.); *see* A.R.S. § 41-151.16(B) (2013) ("Except as otherwise provided by law,

---

[11] The 2000 amendment removed the requirement that the statement must be "certified." 2000 Ariz. Sess. Laws, ch. 88, § 55 (2d Reg. Sess.).

records reproduced as provided in subsection A of this section are admissible in evidence.").[12]

**¶24**        Thus, amidst the 1985 overhaul of Arizona's statutes governing management and reproduction of records, the same bill that introduced the word "evidence" into the exception in A.R.S. § 39-121.03(D), also provided more generally that records reproduced according to the new system are admissible as evidence unless otherwise provided by law. *See generally* 1985 Ariz. Sess. Laws, ch. 213 (1st Reg. Sess.).  The legislature was providing, as a threshold matter, that if kept and reproduced according to the new terms implemented in 1985, such records were deemed admissible, *e.g.* as business records.  *See supra* ¶ 23 & n.12.  The reference to "evidence" in the exception in subsection (D) does not refer to whether the documents would be ruled admissible by a judicial or quasi-judicial body in a particular case, but rather to the threshold admissibility of business records provided by A.R.S.  § 41-151.16(B).

**¶25**        LaWall's argument the records must be deemed admissible is unworkable.  The admissibility of evidence depends on the particular jurisdiction, forum (i.e. judicial versus quasi-judicial), relevancy standards, and other considerations based on the particular facts in a particular matter (e.g., Ariz. R. Evid. 401, 403).  A custodian of records is neither equipped nor authorized to determine for purposes of our evidentiary rules or otherwise what will be deemed admissible in evidence in a given matter. Moreover, a custodian is even less equipped to make such a determination in the case of admissibility in "*any* judicial or quasi-judicial body."  A.R.S. § 39-121.03(D) (emphasis added); *see, e.g.*, 2000 Ariz. Sess. Laws, ch. 88, § 55 (2d Reg. Sess.) (amending exception, by Senate Bill 1230, such that admissibility not limited to Arizona's judicial or quasi-judicial bodies).

**¶26**        The 1985 amendment to A.R.S. § 39-121.03, removing the requirement that a requester make a statement of noncommercial purpose, also supports our determination that the requests here satisfy the plain language of the exception notwithstanding the legislature's use of the words "an action."  *See* 1985 Ariz. Sess. Laws, ch. 213, § 4 (1st Reg. Sess.); House Comm. on Counties and Municipalities Meeting Minutes (Feb. 27,

---

[12] Section 41-151.16(A) grants authority to each state agency and political subdivisions to produce or reproduce records under specified conditions. Former A.R.S. § 12-2262 (1982), repealed by 1993 Ariz. Sess. Laws, ch. 6, § 1 (1st Reg. Sess.), pertained to the admissibility of business records, and subsection (D) specifically pertained to "reproductions of business records."

1985) (stating "[t]he bill removes the requirement that persons requesting public documents provide a verified statement that documents will not be used for a commercial purpose. . . . [and] further provides that commercial purpose does not include use of public records as evidence before a judicial or quasi-judicial body."); Senate Comm. on Gov't Fact Sheet for H.B. 2286 (Mar. 25, 1985) (same). A requester that intends to use the records as evidence or research for evidence in an action in any judicial or quasi-judicial body need not make any statement of purpose at all. *See supra* ¶ 22. That Appellees provided such statements in their requests does not and cannot alter the requirements of the statute as written by our legislature. Had the legislature intended to require a mechanism by which custodians of records could inquire into the nature of a noncommercial request it would have so provided. Thus, we reject LaWall's argument that a custodian of records may inquire into the "action" for which the records are requested for use as evidence or research for evidence, but acknowledge her claims of powerlessness to challenge a noncommercial requester.

¶27        The parties and *amici* make several compelling arguments regarding the variety of problematic ways in which each side views the statutory provisions including issues of attorney-client privilege, ethical responsibilities of attorneys and litigants, statutorily mandated duties of custodians of records, and enforcement mechanisms for noncompliance with statutory requirements.[13] However, it is not our place to balance the host of competing interests and policy concerns implicated by the statutory language, nor to rewrite the statute for our legislature. *See Shaw v. State*, 8 Ariz. App. 447, 452, 447 P.2d 262, 267 (1968) ("The judiciary cannot sit as a super-legislature to determine the wisdom, the necessity, or the inconvenience of a legislative enactment.") (relying on *M'Culloch v. Maryland*, 17 U.S. 316 (1819)); *see also In re Nickolas S.*, 226 Ariz. 182, 186, ¶ 18, 245 P.3d 446, 450 (2011) ("[C]ourts cannot salvage statutes by rewriting them because doing so would invade the legislature's domain.").

¶28        LaWall rightfully concedes that unless we vacate the judgment in favor of R3, R3 has "substantially prevailed," and thus, it was

---

[13] For example, if a requester does not voluntarily assert the request is for a commercial purpose based on its own understanding of the statutory requirements, short of bringing a judicial action there is no statutory mechanism for a custodian to evaluate the request or challenge the request before the record is obtained or used in a manner inconsistent with the statute. *See e.g., supra* n.6, n.7, and n.8.

within the superior court's discretion to award attorneys' fees pursuant to A.R.S. § 39-121.02(B).[14] There is no basis to find the court abused its discretion. Thus, we affirm the fee award.

**¶29** Again, citing A.R.S. § 39-121.02(B), R3 asks us to grant it attorneys' fees and costs on appeal. In our discretion we deny attorneys' fees, but award R3 its costs on appeal pursuant to A.R.S. § 12-341 (2003) upon its timely compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶30** For the reasons stated we determine the three requests at issue here satisfy the plain language of the exception to the definition of commercial purpose in A.R.S. § 39-121.03(D). Accordingly, we affirm the judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[14] Section 39-121.02(B) provides in relevant part:

> The court may award attorney fees and other legal costs that are reasonably incurred in any action under this article if the person seeking public records has substantially prevailed.